THOMAS H. PROUTY, Bar No. 238950
thomas.prouty@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

TIMOTHY J. ST. GEORGE (*pro hac vice*)
tim.stgeorge@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: 804.697.1200
Facsimile: 804.697.1339

*Attorneys for Defendant CoreLogic Credco, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Danny Baker,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CoreLogic Credco, LLC, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 8:14-cv-1011<br><br>Hon. Andrew J. Guilford<br><br>**DEFENDANT CORELOGIC CREDCO, LLC'S *EX PARTE* APPLICATION FOR BRIEF CONTINUANCE OF TRIAL DATE AND RELATED PRE-TRIAL DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 7-19, Defendant CoreLogic Credco, LLC ("Credco"), by and through its counsel of record, respectfully applies to the Court in the above-captioned action on an *ex parte* basis for an order continuing the trial date (currently scheduled for May 19, 2015) for 45 days (subject to the Court's calendar and the schedule of opposing counsel), along with all other associated pretrial deadlines set forth in the Court's Scheduling Order Specifying Procedures (Dkt. 20) that are linked to the trial date.

Pursuant to Local Rule 7-19, the following were advised of this application for a continuance.

> Gregory J Gorski (*pro hac vice*)
> Francis and Mailman PC
> Land Title Building
> 100 South Broad Street 19th Floor
> Philadelphia, PA 19110
> Telephone: 215-735-8600
> Fax: 215-940-8000
> ggorski@consumerlawfirm.com
>
> Stephanie R Tatar, Bar No. 237792
> Tatar Law Firm APC
> 3500 West Olive Avenue Suite 300
> Burbank, CA 91505
> Telephone: 323-744-1146
> Facsimile: 888-778-5695
> Stephanie@TheTatarLawFirm.com
>
> *Attorneys for Plaintiff, Danny Baker*

Plaintiff has not responded as to whether he intends to oppose this application.

Good cause exists to grant Credco's request for this brief continuance. During the discovery period, Credco timely subpoenaed documents from the third-party employer of Plaintiff – Borman Automotive Group, Inc. ("Borman") – which is also the *same entity* from which Plaintiff allegedly applied for financing in May 2014 and to whom Credco issued the challenged credit statements. Thus, there can be no dispute that information held by Borman is central to this action.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    On February 11, 2015, Borman, which is located in New Mexico, produced
2  some documents. Subsequent deposition practice and review of those documents
3  have demonstrated, however, that the requested document production is incomplete,
4  including with respect to a number of applications for financing by Plaintiff.
5  Credco also sought all documents relating to Plaintiff, but Borman did not produce
6  Plaintiff's employment file, which is relevant in numerous respects.

7    Written meet and confer efforts with Borman have been made, and Borman
8  has now stated (just this morning) that it will be supplementing its production
9  within approximately one week with respect to the documents requested. Credco
10 will then need time to analyze the production. In the interim, Credco's deadline to
11 move for summary judgment (March 9, 2015) will lapse.

12    Moreover, on March 4, 2015, Plaintiff's counsel indicated that they will be
13 making an untimely motion for a protective order with respect to the documents
14 sought from Borman, which places a further cloud of uncertainty over the timing of
15 the production of the documents.

16    Credco believes that certain documents in the possession of Borman may be
17 relevant to its motion for summary judgment, including as to Plaintiff's claimed
18 actual damages in the form of "lost credit opportunities," "harm to credit
19 reputation," and damage to his "credit score," *see* Complaint, ¶ 17, as well as his
20 new claim for actual damages in the form of missed work and "teasing" at work.
21 The documents will also be relevant to determining whether Borman even provided
22 accurate information as to Plaintiff in connection with its May 2014 request of
23 Credco to produce credit statements. However, Credco has so far been deprived of
24 the opportunity to receive those documents and to potentially integrate them into its
25 motion for summary judgment, and it will not be able to do so by the current
26 deadline. Therefore, good cause exists for this request.

27
28

| | | |
|---|---|---|
| 1 | Dated: March 5, 2015 | TROUTMAN SANDERS LLP |
| 2 | | |
| 3 | | By: /s/ Thomas H. Prouty |
| | | Thomas H. Prouty |
| 4 | | *Attorneys for Defendant* |
| 5 | | *CoreLogic Credco, LLC* |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 3 -
*EX PARTE* APPLICATION FOR BRIEF CONTINUANCE OF TRIAL DATE AND RELATED PRETRIAL
DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

Under Rule 16(b), a district court's scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists for a brief, 45-day continuance of the Trial Date, Final Pretrial Conference, and related pre-trial deadlines.

Discovery in this case closed on February 19, 2015. On January 22, 2015, Credco subpoenaed documents from Borman. (Declaration of Thomas H. Prouty ("Prouty Decl."), ¶ 2, Ex. A.) Credco also provided Borman with ample time to respond, with Credco making the subpoena returnable on February 11, 2015. (*Id*.) In the interim, no motion for a protective order was filed by Plaintiff, nor were any objections lodged by Borman under Fed. R. Civ. P. 45. *Id*. On February 11, 2015, Borman responded to the subpoena. (*Id*., ¶ 3.)

Included among the three categories of documents requested by Credco was the requirement that Borman produce all documents relating to Mr. Baker that are in Borman's custody or control. (*See* Ex. A to Prouty Decl.) In particular, that document request would encompass a copy of Mr. Baker's employment file, which would include documents such as his personnel records and days worked. No such employment file was produced by Borman. (Prouty Decl., ¶ 4.)

Such documents are relevant, as Plaintiff recently testified at his February 2014 deposition that he was seeking actual damages in the form of lost days of employment and an inability to find transportation to work. (*Id*., ¶ 5.) Also, Plaintiff recently claimed during his deposition that he had been subject to "teasing" at his work for his credit score (*id.*), which the employment file could address.

Further, the documents produced by Borman demonstrate that Plaintiff has alternatively used the name "Danny B. Baker" and "Danny J. Baker" in connection with financing applications. (*Id*., ¶ 6.) And, in May 2014, Credco was asked to transmit information on Danny B. Baker. *Id*. Therefore, determining Plaintiff's

- 4 -

actual legal name and the name that he has used while employed at Borman is relevant to a determination of whether the request made of Credco in May 2014 from Borman was even accurate. (Plaintiff's counsel has so far refused to produce Plaintiff's driver's license, birth certificate and/or other forms of government-issued identification.)

Moreover, the subpoena required Borman to produce copies of all documents relating to any application for financing by Mr. Baker with respect to any vehicle sought to be purchased and/or financed at Borman. (*See* Ex. A to Prouty Decl.) While Borman produced certain documents indicating that Mr. Baker applied for (and was in fact *approved* for) financing in September 2012, May 2013, July 2014, and September 2014, Borman did not produce *any* documents relating to the application/approval process for those loans. (Prouty Decl., ¶ 7.) For instance, no credit reports or credit applications were produced for any of those transactions (*id.*), all of which would allow Credco to assess Plaintiff's claim that he was denied financing in May 2014 based on his credit score at that time, as well as his claim that that he has suffered actual damages in the form of "lost credit opportunities," "harm to credit reputation," and damage to his "credit score" (*see* Complaint, ¶ 17), due to the solitary involvement of Credco in May 2014.

Moreover, with respect to the July 2014 application for financing, Borman produced only a single document, which reflected that Mr. Baker was approved for financing by a third-party bank contacted by Borman for the *same vehicle* for which he claims he was denied credit in May 2014 due to the transmission of the Credco credit statements. (Prouty Decl., ¶ 8). No other documents relating to the July 2014 financing request – including the credit application, review, and approval process – were produced. (*Id.*) These documents would also be highly germane to Plaintiff's claim that he was denied financing for the vehicle in question.

Credco has been diligent in seeking the documents. And, in an attempt to meet and confer on these issues, on February 26, 2015, Credco sent Borman a letter

- 5 -

seeking the production of the foregoing documents, with Credco providing Borman an additional five days to respond. (Prouty Decl. ¶ 9, Ex. B.) No response was made by Borman during that additional period of time. (*Id.*)

On March 5, 2014, a Borman representative contacted cousel for Credco to advise that Borman will be supplementing its production within approximately one week. (Prouty Decl., ¶ 11.) Credco will then need time to analyze the production. In the interim, Credco's deadline to move for summary judgment (March 9, 2015) will lapse.

Furthermore, on March 4, 2015, Plaintiff's counsel advised that they will shortly be making an untimely motion for a protective order with respect to the Borman documents, which places a further cloud of uncertainty over the timing of the production of the Borman documents. (Prouty Decl., ¶ 10.)

Credco's Motion for Summary Judgment is due to be filed by March 9, 2015. Credco submits that the above categories of documents are relevant to that putative motion, including as to the issue of a lack of any actual damages relating to his credit score. However, despite its diligence, Credco has not yet been able to secure the complete production of those relevant documents.

Furthermore, extending only the summary judgment deadline, as opposed to all of the existing deadlines under the Scheduling Order, would create logistical issues and would prevent the resolution of that motion until shortly before the trial date, thereby causing the expenditure of potentially needless resources for the parties and the Court. Because of the impending deadline for summary judgment, this *ex parte* application is necessary.

The brief requested continuance will allow Credco and Borman to resolve their issues regarding the production, while thereafter allowing the Court to consider a complete motion for summary judgment. This is the first request for any extension of any scheduling deadline by Credco. The request is made in good faith

- 6 -
*EX PARTE* APPLICATION FOR BRIEF CONTINUANCE OF TRIAL DATE AND RELATED PRETRIAL
DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

and not for any dilatory purpose. The brief requested extension will also cause no prejudice, as discovery has closed.

For the foregoing reasons, CoreLogic Credco, LLC respectfully requests that the Court continue the trial date for 45 days, thereby continuing all other dates in the Scheduling Order that are linked to the trial date.

Dated: March 5, 2015                    TROUTMAN SANDERS LLP

By: /s/ Thomas H. Prouty
Thomas H. Prouty

*Attorneys for Defendant*
*CoreLogic Credco, LLC*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545