Gregory Gorski (*admitted pro hac vice*)
**FRANCIS & MAILMAN, P.C.**
Land Title Building
100 South Broad Street, 19th Flr
Philadelphia, PA 19110
Telephone: 215-735-8600
Facsimile: 215-940-8000
ggorski@consumerlawfirm.com

Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue
Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Danny Baker*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| DANNY BAKER<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and CORELOGIC CREDCO, LLC.<br><br>Defendants. | Civil Act. No.: 8:14-cv-1011-AG-AN<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENANT CORELOGIC CREDCO, LLC'S *EX PARTE* APPLICATION FOR CONTINUANCE OF TRIAL DATE AND RELATED PRE-TRIAL DEADLINES** |

Plaintiff Danny Baker, by and through the undersigned counsel, hereby responds in opposition to Defendant Corelogic Credo, LLC's ("Credco") *Ex Parte* Application for Continuance of the Trial Date and Related Pre-Trial Deadlines for

the reasons set forth in this Memorandum of Points and Authorities In Opposition to the Motion. For these reasons set forth below, Plaintiff respectfully requests that the Court deny Credco's Motion.

The Court's procedures on ex-parte motions are explicit that "An ex parte application has due process implications and is for extraordinary situations only." *See* Judge's Procedures and Schedules, at ¶ 5 (citing *Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"); *Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 339-40 (1969) ("the right to be heard 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest'")). Credco's motion on its face is not an extraordinary situation in any respect. On the contrary, the Motion is nothing more than a veiled discovery motion that Credco has filed in order to avoid compliance with Local Rule 37 which has specific procedures to be followed before being presented to the Court.

Credco further has inappropriately made use of an *ex parte* motion in order to frustrate Plaintiff's ability to be heard by the Court regarding its own misconduct and abuses in conducting discovery. Credco notably made no meaningful effort whatsoever to confer with Plaintiff prior to filing this motion

2

given that it was filed in less than six hours after its counsel sent out an email in the early morning informing Plaintiff of its intentions to do so. *See* Declaration of Gregory Gorski, Esq., ("Gorski Decl."), at Ex. 1. Moreover, Credco knew at the time this Motion was filed that Plaintiff was initiating the process to file a discovery motion with Court in compliance with Local Rule 37 to address its discovery abuse as evidenced by Plaintiff's counsel's letter to Credco's counsel in compliance with Local rule 37-1. *See* Gorski Decl,, at Ex. 2.

     Plaintiff is currently in the process of fulfilling the obligations set forth in Local Rule 37 and anticipates that a joint stipulation of the parties will be filed with the Court on the discovery issues at hand within approximately one week. Although Credco has not offer any credible reason in the instant Motion to revise the scheduling of this case for trial, to the extent Credco wishes to request a extension of those deadlines, the proper time to make such a request would be in connection with the forthcoming discovery motion which will afford both parties a full and fair opportunity to be heard on the subject. Moreover, it is evident from the instant Motion that Credco's request is intertwined to the discovery dispute between the parties making the resolution of whether an extension of forthcoming deadline is warranted appropriate for resolution with the discovery dispute itself.

     The circumstance here unquestionably is not an extraordinary situation and does not require the Court's immediate attention. Plaintiff further would be

unfairly prejudiced without having an opportunity to prepare a full response given that Plaintiff was forced to respond with only the most limited notice. Credco conversely will incur no prejudice whatsoever because it may make its request to amend the deadlines in this case when the discovery motion is filed in compliance with the local rules. Accordingly, Plaintiff respectfully requests this Court deny Credco's *ex parte* Motion in its entirety.

Plaintiff further should not have been forced to act on an emergency basis to respond to a motion Credco knew full well should never been filed as an *ex parte* motion. Furthermore, it is evident that Credco did this primarily to avoid having to comply with Local Rule 37 and silence Plaintiff from being heard on the subject. Local Rule 37-4 permits this Court to award sanctions against counsel for failing to cooperate in completing the parties obligations under Local Rule 37. Credco's actions here are a paradigm of non-cooperation and abuse the local rules. Plaintiff even specifically requested that Credco withdraw the instant Motion for the reasons stated above. *See* Gorski Decl., at Ex. 1. Credco, however, refused to do so. *See id* at ¶ 5. Plaintiff, therefore, respectfully request that he be granted leave

4

to file a petition with the Court for an award of his reasonable fees and costs for having been forced to respond to this Motion.

Dated:   March 6, 2015                         Respectfully submitted,

                                         */s/ Gregory Gorski*_____
                                         Gregory Gorski
                                         (*admitted pro hac vice*)
                                         **FRANCIS & MAILMAN, P.C.**
                                         Land Title Building
                                         100 South Broad Street, 19th Flr
                                         Philadelphia, PA 19110
                                         Telephone: 215-735-8600
                                         Facsimile: 215-940-8000
                                         ggorski@consumerlawfirm.com