## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **SACV 14-1011-AG (ANx)**                                      Date: **March 23, 2015**

Title:  **Danny Baker v. Experian Information Solutions, Inc., et al.**
**DOCKET ENTRY**

PRESENT:

**HON. <u>ROBERT N. BLOCK</u>, UNITED STATES MAGISTRATE JUDGE**

<u>Kerri Hays</u>                                              <u>   n/a   </u>
Deputy Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:            ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                                              None present

**PROCEEDINGS:  (IN CHAMBERS)**

**<u>Plaintiff's Motion for a Protective Order (D.E. #34)</u>**

The parties are advised that, due to Judge Nakazato's unavailability, this motion will be decided by Magistrate Judge Block.

For purposes of their supplemental memoranda (the filing deadline for which is hereby extended to March 31, 2015), the Court will share with the parties the following observations based on its review of the Joint Stipulation:

1. The Court disagrees with Credco that the motion is untimely because it was not filed prior to February 11, 2015, the date for compliance stated in the subpoena. The necessity for the motion was triggered by Credco's counsel's February 26, 2015 letter to Borland demanding the production of additional documents responsive to the subpoena.

2. The Court concurs with Credco that plaintiff lacks standing to object to the subpoena or to Credco's followup demand for the production of additional documents responsive to the subpoena on the ground of undue burden to (or harassment of) Borland. <u>See</u> 9A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2459 (3d ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."); <u>see also</u> other cases cited therein. Only Borland could or can make such an objection. Moreover, while Fed. R. Civ. P. 45(d)(3)(A)(iii) does expressly require the Court, on timely motion, to quash or modify a subpoena that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 14-1011-AG (ANx)　　　　　　　　　　　　　　March 23, 2015
**Danny Baker v. Experian Information Solutions, Inc., et al.**　　　　　　　Page 2

-----------------------------------------------------------------------------------------------------------------

"requires disclosure of privileged or other protected matter, if no exception or waiver applies," without limiting who may bring such a motion, see also, e.g., Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975); Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010); Sedahtatpour v. California, 2007 WL 4259214, at *1 (N.D. Cal. Dec. 3, 2007), plaintiff here is not expressly contending that the subpoena in question seeks the disclosure of plaintiff's protected matter.

　　4.　　However, the Court subscribes to the view expressed by Judge Battaglia in the Southern District of California that "[a] party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and that a party also has standing under Rule 26(c) to seek a protective order with regard to subpoenas issued to non-parties that seek irrelevant information. See In re Remec, Inc. Securities Litigation, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008). Here, while the Court disagrees with plaintiff that the subpoena did not require the production of plaintiff's entire employment file now being demanded by Credco because, in the Court's view, subpoena topic/category no. 3 did encompass plaintiff's entire employment file, the Court notes that plaintiff also is disputing the relevance of his entire employment file.[1]

　　5.　　The Court disagrees with Credco's characterization of the standard of discoverability under Federal Rule 26(b)(1). The Court notes in this regard that the scope of permissible discovery was narrowed by the amendments to the Federal Rules of Civil Procedure that became effective December 1, 2000. Under Fed. R. Civ. P. 26(b)(1), as amended, the scope

---

　　[1]　　To the extent that Borland withheld from the production credit-related documents for the financing applications that had been stored electronically that would be responsive to subpoena topic/category nos. 1 or 2, the Court fails to see any basis for plaintiff disputing the relevance of those documents or being entitled to any protective relief with respect to Credco's demand to Borland for the production of those documents.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk　　klh
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 14-1011-AG (ANx)　　　　　　　　　　　　　　　　　　March 23, 2015
**Danny Baker v. Experian Information Solutions, Inc., et al.**　　　　　　　　　　Page 3

--------------------------------------------------------------------------------------------------------------------

of discoverable information no longer is any unprivileged matter that is relevant to the subject matter involved in the pending action and/or reasonably calculated to lead to the discovery of admissible evidence. Rather, the scope of discoverable information may now be stated as follows: any unprivileged matter **relevant** to the claim or defense of any party, and/or **relevant** information reasonably calculated to lead to the discovery of admissible evidence.

　　　6.　　With respect to the relevance issue, the Court subscribes to the view that, where as here a party has interposed a timely relevance objection to a discovery request propounded by the other side, the burden of demonstrating relevance rests with the party seeking the discovery. Cf. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 11:615 (2010 rev. ed.). So far, the Court is not convinced by Credco that plaintiff's entire employment file is relevant to the claims or defenses of the parties. Accordingly, it would behoove Credco to propose in its supplemental memorandum how its demand to Borland for the production of plaintiff's entire employment file could be narrowed to documents relevant to the claims or defenses of the parties. Absent such a proposed narrowing, the Court will be inclined to grant plaintiff protective relief with respect to Credco's demand to Borland for the production of plaintiff's entire employment file.

　　The Court has not yet decided whether oral argument will be of material assistance to the Court's determination of this motion. The Court will make that determination after it reviews the parties' supplemental memoranda. If the Court decides to permit oral argument, the Court will set a new date for the hearing. Otherwise, the motion will be taken under submission as of the date the supplemental memoranda now are due to be filed and then be decided on the papers without oral argument. See Local Rule 7-15. In the meantime, the hearing noticed for April 9, 2015 is ordered off calendar.

cc:　　Judge Guilford

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk　　klh
CIVIL-GEN