1   THOMAS H. PROUTY, Bar No. 238950
    thomas.prouty@troutmansanders.com
2   TROUTMAN SANDERS LLP
    5 Park Plaza, Suite 1400
3   Irvine, CA  92614-2545
    Telephone:  949.622.2700
4   Facsimile:   949.622.2739

5   TIMOTHY J. ST. GEORGE (*pro hac vice*)
    tim.stgeorge@troutmansanders.com
6   TROUTMAN SANDERS LLP
    1001 Haxall Point
7   Richmond, VA 23219
    Telephone:  804.697.1200
8   Facsimile:   804.697.1339

9   *Attorneys for Defendant*
    *CoreLogic Credco, LLC*
10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                  SOUTHERN DIVISION

14

15   Danny Baker,                          Case No. 8:14-cv-01011-AG-AN

16              Plaintiff,                  Before Magistrate Judge Block

17   v.                                     **DEFENDANT CORELOGIC
                                            CREDCO, LLC'S SUPPLEMENTAL
18   CoreLogic Credco, LLC, *et al.*,       MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN OPPOSITION TO
19              Defendants.                 PLAINTIFF'S REQUEST FOR
                                            PROTECTIVE ORDER**
20

21

22

23

24

25

26

27

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S
REQUEST FOR A PROTECTIVE ORDER

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    On March 23, 2015, the Court issued a Docket Entry (Dkt. No. 37)

2  addressing the arguments made by Plaintiff in the Joint Stipulation (Dkt. No. 34)

3  with respect to his belated request for a protective order.  In that Docket Entry, the

4  Court found that the subpoena at issue embraced the employment file and the

5  credit-related documents; that such documents were relevant; that CoreLogic

6  Credco, LLC's ("Credco") discovery efforts were timely; and that Plaintiff

7  generally lacked standing to lodge the proffered objections to the subpoena.

8    However, the Court further noted that "[s]o far, the Court is not convinced

9  that plaintiff's entire employment file is relevant to the claims or defenses of the

10 parties.  Accordingly, it would behoove Credco to propose in its supplemental

11 memorandum how its demand to [Borman] for the production of plaintiff's entire

12 employment file could be narrowed to the claims or defenses of the parties." (Dkt.

13 No. 37 p. 3.)  Credco proposes that narrowed list of requested documents herein.

14    Credco also provides a further update to the Court regarding Plaintiff's

15 ongoing interference with the third-party subpoena, which further discredits the

16 ironic request for "sanctions" made against Credco.

17    **I.**      **Events occurring subsequent to the filing of the Joint Stipulation.**

18    As this Court is aware, Credco subpoenaed documents from Borman

19 Automotive Group, Inc. ("Borman") in January 2015.  (Declaration of Timothy J.

20 St. George ("TJS Decl."), ¶ 2, Ex. A.)  After making an incomplete initial

21 production, and in response to Credco's meet and confer efforts, on March 5, 2015

22 Borman informed Credco that it would be supplementing its production within

23 approximately one week.  (*Id.* at ¶ 3.)

24    On March 16, 2015, however, after having failed to produce the documents

25 in question within the one week timeframe that was previously promised, Borman

26 contacted counsel for Credco to state, for the very first time, that it was unwilling to

27 produce the employment file.  (*Id.*, ¶ 4.)

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA  92614 - 2545

- 1 -

1    Based on these developments, on March 18, 2015, newly-retained New

2  Mexico-based counsel for Credco informed Borman that Credco would be required

3  under the Scheduling Order to file a motion to compel if the supplemental

4  documents were not received by March 20, 2015.  (*Id.*, ¶ 5.)  (The Scheduling

5  Order provides that any motion to compel must be filed within 30 days of the close

6  of discovery, which was February 19, 2015.  (*See* Dkt. No. 20.))

7    During a subsequent telephone conversation, Borman (who has not retained

8  counsel during this process) also informed counsel for Credco that it was concerned

9  that Borman would get "sued" if it produced the employment file.  (TJS Decl., ¶ 6.)

10    On March 19, 2015, Borman made a supplemental production of some credit

11  related documents to Credco.  (*Id.*, ¶ 7.)  However, only a few additional pages

12  relating to one of the prior credit pulls (the September 2012 pull) were produced by

13  Borman.  (*Id.*)  No documents relating to three of the prior credit applications were

14  included in the supplemental production.  (*Id.*)  Nor was any part of the

15  employment file produced.  (*Id.*)

16    On March 19, 2015, Plaintiff's counsel contacted Credco's New Mexico-

17  based counsel and threatened to seek "sanctions" against him if he filed the motion

18  to compel.  Plaintiff's counsel also accused him of engaging in the "unauthorized

19  practice of law" in California, despite the fact that Credco is required under Fed. R.

20  Civ. P. 45(d) to seek to compel production of the documents in New Mexico, where

21  Borman resides.  (TJS Decl., ¶ 8, Ex. B.)  Due to these baseless threats, Credco's

22  New Mexico-based local counsel withdrew, thereby necessitating that Credco find

23  alternate New Mexico-based counsel on an emergency basis.  (*Id.*, ¶ 9.)

24    On March 20, 2015, due to Plaintiff's counsel's interference with the third-

25  party subpoena and the failure by Borman to produce the documents in question,

26  Credco filed a second application for *ex parte* relief from the Court seeking an

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 2 -
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S
REQUEST FOR A PROTECTIVE ORDER

1    extension of the trial date and pre-trial deadlines. [1] (Dkt. No. 35.)  Plaintiff opposed

2    the *ex parte* request, again seeking "sanctions" against Credco.  (Dkt. No. 36.)  On

3    March 25, 2015, the Court granted the *ex parte* application.  (Dkt. No. 48.)

4         On March 20, 2015, Credco filed a motion to compel against Borman in

5    federal court in New Mexico.  That action remains pending, with Borman having

6    yet to appear.  (TJS Decl., ¶ 10.)

7    **II.    The narrowing of the documents requested.**

8         Credco has been open to good-faith discussion with Plaintiff as to reasonable

9    compromise positions from the beginning, but Plaintiff has never been willing to

10   have that discussion, instead just insisting that discovery is "closed."

11        To that end, Credco articulated in the Joint Stipulation that the employment

12   file is relevant to, at the very least, the following issues: (1) Plaintiff's claim at his

13   deposition of harassment/teasing at work and associated emotional distress; (2)

14   Plaintiff's claim at his deposition of lost days at work from May 2014 through

15   September 2014 due to the actions of Credco; and (3) determining whether Borman

16   accurately sought information on Plaintiff when it requested information in May

17   2014 on "Danny <u>B.</u> Baker," as opposed to "Danny <u>J.</u> Baker."  Therefore, Credco

18   narrows its request to the following documents, if any, whether contained in the

19   employment file or otherwise in the possession of Borman:

20   • Documents reflecting any complaints of harassment or teasing of

21     Plaintiff;

22   • Documents reflecting any indication that Plaintiff was suffering from

23     stress, anxiety, or depression;

24   • Any government-issued identification used by Plaintiff (*e.g.*, birth

25     certificate, passport, marriage certificate, social security card, and/or

26

27   [1] Plaintiff's conduct also previously forced Credco to move *ex parte* on March 5,
     2015 for a continuance of the trial date, which Plaintiff also opposed and sought

28   "sanctions."  The Court granted Credco's motion.  (Dkt. No. 33.)

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA  92614 -2545

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S
REQUEST FOR A PROTECTIVE ORDER

driver's license);

- Plaintiff's W-2 tax forms showing his full name;

- Documents reflecting where Plaintiff provided his name (as either "Danny J. Baker," "Danny B. Baker," or otherwise);

- Documents reflecting or relating to Plaintiff's Social Security number;

- Documents reflecting any investigations and/or disciplinary actions involving Plaintiff;

- Documents relating to the May 22, 2014 request for credit information

- Any attendance records and pay stubs for the period of May 2014 through September 2014; and

- Documents relating to this lawsuit.

The above categories of documents will permit Credco to explore Plaintiff's claims. Credco has also always agreed to keep these documents confidential pursuant to a reasonable protective order, and it remains willing to do so.

Dated: March 31, 2015                    TROUTMAN SANDERS LLP


                                         By:   /s/ Thomas H. Prouty
                                              Thomas H. Prouty

                                         *Attorneys for Defendant*
                                         *CoreLogic Credco, LLC*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA  92614 -2545

- 4 -

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A PROTECTIVE ORDER