UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **SACV 14-1011-AG (ANx)**                                        Date: **April 1, 2015**

Title: **Danny Baker v. Experian Information Solutions, Inc., et al.**
**DOCKET ENTRY**

PRESENT:

**HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Denise Vo | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
         None present                                                                None present

**PROCEEDINGS:  (IN CHAMBERS)**

### Plaintiff's Motion for a Protective Order (D.E. #34)

As a preliminary matter, the Court notes that Credco's counsel has mischaracterized in Credco's supplemental memorandum what the Court stated in its March 23, 2015 Minute Order.  In the first place, the Court did not state that the documents sought by the subpoena, including plaintiff's employment file (which in the Court's view was encompassed by subpoena topic/category no. 3) were relevant.  To the contrary, the Court stated that, so far, it was not convinced by Credco that plaintiff's entire employment file was relevant to the claims or defenses of the parties.  Second, the Court made no statement whatsoever about whether Credco's discovery efforts were timely.  Third, although the Court concurred with Credco that plaintiff lacked standing to object to the subpoena or to Credco's followup demand for the production of additional documents responsive to the subpoena **on the ground of undue burden to (or harassment of) Borland**, it did not state that "[p]laintiff generally lacked standing to lodge the proffered objections to the subpoena."  To the contrary, the Court advised of its view that a party has standing under Rule 26(c) to seek a protective order with regard to subpoenas issued to non-parties that seek irrelevant information and the Court noted that plaintiff here also was disputing the relevance of his entire employment file.

In any event, in response to the Court's comments in ¶ 6 of the March 23, 2015 Minute Order, Credco has now narrowed the categories of additional documents from plaintiff's employment file being sought from Borland and has purported to articulate theories of relevance for those narrowed categories of documents.  However, the Court still is not convinced that all of the narrowed categories are relevant to the claims or

MINUTES FORM 11                                                                Initials of Deputy Clerk: dv
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 14-1011-AG (ANx)            April 1, 2015
**Danny Baker v. Experian Information Solutions, Inc., et al.**            **Page 2**

-----------------------------------------------------------------------------------------------------------------

defenses of the parties. For example, the Court is not convinced of the relevance of plaintiff's attendance records, given plaintiff's representation in his supplemental memorandum that he is not claiming any economic damages for lost employment or for lost time from work.[1]

The Court therefore has decided to set this matter for a hearing, at which time the Court first will require counsel to meet and confer further under the Court's auspices on a category-by-category basis in a good faith effort to eliminate or narrow the dispute. The hearing will be held on **Tuesday, April 14, 2015, at 9:30 a.m. in Courtroom 6D.** Pending the Court's final ruling, Credco is ordered to desist from taking any further action to compel compliance with the subpoena, including in connection with the motion to compel currently pending in the District of New Mexico.


cc:     Judge Guilford

---

[1] The Court notes that, in his supplemental memorandum, plaintiff cited his deposition testimony to the effect that he did not formally lodge a complaint with his employer about the way he was treated. According to plaintiff, this deposition testimony "negat[es] the possibility that there might be some kind of incident report related to those circumstances." In the Court's view, however, Credco does not have to accept plaintiff's testimony at its face value and is entitled to include as a narrowed subpoena category "[d]ocuments reflecting any complaints of harassment or teasing of plaintiff" unless plaintiff stipulates that he no longer is seeking emotional distress damages for harrassment/teasing at work.

MINUTES FORM 11            Initials of Deputy Clerk: dv
CIVIL-GEN